**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                    Case No. 4:96-CR-00267 (1) GTE

**ELMER AUGUSTUS BELL, JR.**

## ORDER

Before the Court is a Motion for Reduction of Sentence filed by Defendant Elmer Augustus Bell, Jr., filed *pro se*.[1] Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines"), which lowered the base offense levels for crack cocaine offenses, and Amendment 711, which identified Amendment 706 as an amendment that may be applied retroactively, effective March 3, 2008.[2] The Government has filed a response opposing the motion.

For the reasons explained below, the Court concludes that Defendant's motion must be denied.

## BACKGROUND

In March of 1998, Defendant Elmer Bell was sentenced to 235 months imprisonment based upon his guilty plea to three counts, one of which was the charge of aiding and abetting in the possession with intent to distribute cocaine base. The sentence imposed was the maximum permissible guideline sentence, based upon a sentencing range of 188-235 months for the applicable offense level of 31 and Criminal History Category of VI. In 2003, the Court granted, in part, the

---

[1] Mr. Bell declined the Court's offer to appoint counsel and elected to proceed *pro se*. (*See* docket entry # 100).

[2] *See* U.S.S.G. App. C, Amend. 706, incorporated in U.S.S.G. § 2D1.1 (Supp. May 1, 2008) and App. C, Amend. 711, incorporated in U.S.S.G. § 1B1.10 (Supp. May 1, 2008).

Government's motion pursuant to Fed. R. Crim. P. Rule 35 and reduced Defendant's sentence by 20% to 188 months. (*See* Order of October 2, 203, docket entry # 89). Defendant is presently in federal custody serving this sentence.

On March 18, 2008, Defendant filed his *pro se* Motion to Reduce Sentence pursuant to Amendment 706 and 18 U.S.C. § 3582.[3] Defendant requests a reduction of his sentence based upon the retroactive crack cocaine reduction. Additionally, Defendant contends that he is entitled to a further reduction of sentence, based upon the fact that the Guideline are now advisory. Defendant requests that his sentence be reduced to 60 months, the applicable statutory minimum.

On June 16, 2008, the Court received a copy of an Addendum to the Presentence Report (PSR), prepared by the Probation Office,[4] and all pertinent documents related to the imposition of sentence, including the Presentence Report, Judgment, Statement of Reasons, and Order granting downward departure.

On June 30, 2008, the Government responded, opposing any sentence reduction.[5] The Government argues that because Mr. Bell was sentenced as a career offender, he is not eligible for a sentence reduction because his guideline range is unaltered. The Government further disputes that Defendant is eligible for a full resentencing under *Booker* and its progeny.

---

[3] (Docket entry # 101).

[4] The Addendum recalculates the applicable guideline sentence under Amendment 706 and provides additional information relevant to the Court's exercise of discretion to reduce a sentence.

[5] (Docket entry # 103).

## DISCUSSION

### *A.     Legal Authority for Sentence Reduction*

It is helpful to review the law authorizing courts to retroactively reduce sentences for defendants presently serving a sentence the length of which was determined based upon a quantity of crack cocaine.

Congress authorized the United States Sentencing Commission ("Sentencing Commission") to amend the guidelines and also to specify that any amendment be given retroactive effect. 28 U.S.C. § 944(o) & (u).   The Sentencing Commission exercised that authority by enacting Amendment 706, which became effective on November 1, 2007.[6]  Like all other amendments to the Sentencing Guidelines, the Amendment was first submitted as a proposal to Congress, which could have "modified or disapproved the amendment."  28 U.S.C. § 994(p).

Amendment 706 reduces the guideline range for crack cocaine offenses by amending U.S.S.G. § 2D1.1, the drug quantity table used to compute sentences for such offenses.  In most instances, Amendment 706 reduces the base offense level of the drug quantity table, U.S.S.G. § 2D1.1(c), for specified quantities of crack cocaine by two levels.

U.S.S.G. § 1B1.10 is the policy statement through which the Commission sets out which amendments may be applied retroactively and on what terms.  By identifying Amendment 706 as amended by 711  in U.S.S.G. § 1B1.10(c), the Commission made Amendment 706 retroactive.

Section 3582(c) identifies the exceptions to the general rule that a court "may not modify a

---

[6] Amendment 706 followed years of the Sentencing Commission's unsuccessful efforts to prod Congress to act to eliminate or reduce the 100-to-1 sentencing disparity for crack cocaine and powder cocaine offenses. *See Kimbrough v. United States*, 128 S. Ct. 558, 569 (2007) (providing a history of such efforts).

- 3 -

term of imprisonment once it has been imposed." One of those exceptions, described in subsection (2), addresses the issue presently before the Court. That subsection provides:

> [I]n case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the Guidelines contains the "applicable policy statements" referenced in the statute authorizing this Court to reduce Defendant's sentence. Accordingly, the Court must consult and follow Section 1B1.10 in determining whether Defendant is eligible for a sentence reduction.

In making this determination, "the district court must determine the guidelines range as if the relevant amendment had been in place at the time of the original sentencing, and it may consider only the retroactive amendment in determining the amended guidelines range." *U.S. v. Peters*, 524 F.3d 905, 906-07 (8th Cir. 2008) (citations omitted); *see also* 1B1.10(b)(1). Guideline § 1B1.10(a)(2)(B) instructs that a sentence reduction is excluded and unauthorized under § 3582(c)(2) if an amendment to be applied retroactively "does not have the effect of lowering the defendant's applicable guideline range." The Application Notes state:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction . . . is not authorized . . . if: . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.C. § 1B1.10, App. Note 1(A).

With these basic principles in mind, the Court turns to the arguments of the parties in this particular case.

### C.  Application of Amendment 706

Defendant's substantial prior criminal history, which included convictions for three prior controlled substance offenses, earned him the status of "career offender."  As a result, his guideline sentencing range was determined by applying U.S.S.G. § 4B1.1, and not by § 2D1.1.  Amendment 706 did not alter § 4B1.1, and therefore did not change the guideline range applicable to Defendant.  As the Addendum to Presentence Report shows, Defendant's original guideline range and amended guideline range (after applying Amendment 706) are the same:  188 to 235 months, based on a offense level of 31 and criminal history category VI.

Accordingly, Defendant fails to satisfy the eligibility requirements of § 1B1.10 and the Court has no authority to reduce his sentence.  *See U.S. v. Tingle*, 524 F.3d 839 (8th Cir. 2008); *U.S. v. Thomas*, 524 F.3d 889 (8th Cir. 2008) (both holding career offenders are not eligible for a sentence reduction under Amendment 706);  *See also*  this Court's Order in *United States v. Rowland*, Case No. 4:03-cr-00060-2 GTE (E.D. Ark. June 27, 2008)(docket entry # 83)(explaining why career offender whose sentence was reduced based on Rule 35 remains ineligible for a sentence reduction).

### D.  No Authority to Impose a Non-Guideline Sentence

Defendant's contention that the Court has the authority and discretion to impose a non-Guideline sentence also fails.  While the sentencing landscape has changed dramatically since Defendant was sentenced in 1998, these changes to federal sentencing law come too late to help Defendant.  In January of 2005, the Supreme Court held the sentencing guidelines are no longer mandatory, but are advisory.  *Booker v. United States*, 543 U.S. 220 (2005).  In December of 2007, the Supreme Court authorized sentencing courts, when applying advisory guidelines, to consider

whether the disparity in guideline ranges for crack and powder cocaine produces a sentence "greater than necessary" to fulfill the sentencing goals of 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

Defendant was sentenced before the announcement of the decision in *Booker*. Pre-*Booker*, the Guidelines were mandatory and the Court had no authority to fashion a sentence based on non-Guideline factors. The Court has no authority to apply *Booker* retroactively to Defendant's case. *See Never Misses a Shot v. United States, 413 F.3d 781, 783* (8th Cir. 2005)(Booker does not apply retroactively to convictions that were final when the decision was announced).

## CONCLUSION

The sentencing guideline range applicable to Defendant is unaltered by application of Amendment 706. Consequently, he is not eligible for a reduction of his term of imprisonment.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2)(docket entry # 101) be, and it is hereby, DENIED.

IT IS SO ORDERED THIS  1st  day of July, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE